**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

In Re: A. H. ROBINS COMPANY,
INCORPORATED,

Debtor.

ROSIE BENNETT,
Claimant-Appellant,

v.

DALKON SHIELD CLAIMANTS TRUST,
Trust-Appellee.

No. 98-1079

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert R. Merhige, Jr., Senior District Judge;
Blackwell N. Shelley, Bankruptcy Judge.
(CA-85-1307-R)

Submitted: July 31, 1998

Decided: August 20, 1998

Before WIDENER, HAMILTON, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Rosie Bennett, Appellant Pro Se.  Orran Lee Brown, Sr., DALKON
SHIELD CLAIMANTS TRUST, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Rosie Bennett, a Dalkon Shield Claimant, appeals the district court's order denying her motion to set aside an alternative dispute resolution (ADR) decision. We affirm.

In 1969 or 1970, Bennett was inserted with an intrauterine device (IUD). Within a month of insertion, she developed various medical problems, including abdominal pain and abnormal bleeding. In 1971 Bennett underwent surgery for a pelvic abscess. At that time the IUD was removed. Six weeks later, she underwent a total abdominal hysterectomy. Bennett subsequently filed a Dalkon Shield Claim asserting that the Dalkon Shield caused injury.

The Dalkon Shield Claimants Trust (the Trust) made an Option 3 offer to Bennett, who rejected the offer and proceeded to alternative dispute resolution (ADR). The ADR referee found that Bennett had not met her burden of proving that the IUD she used was a Dalkon Shield. The referee noted that, unlike other IUD's, the Dalkon Shield had only one tail string. Bennett was equivocal about whether her IUD had one or more strings. Nowhere do the medical records state what type of IUD Bennett used, and the operative notes from the surgery for the abscess state that "strings of IUD are visualized." Because Bennett failed to establish that her IUD was a Dalkon Shield, the referee found that she was entitled to no compensation for her injuries.

Bennett then moved the district court to vacate the referee's decision. The district court denied her motion, and this appeal followed.

The decision of an ADR referee is "binding and final," and a Dalkon Shield Claimant who proceeds to ADR generally relinquishes the right to judicial review. See In re A.H. Robins Co. (Bledsoe v.

2

Dalkon Shield Claimants Trust), 112 F.3d 160, 163 (4th Cir. 1997). The ADR Agreement which Bennett signed and the ADR Rules provide no mechanism for judicial review of ADR decisions. Nonetheless, the district court may grant relief from an ADR decision "`where the moving party demonstrates flagrant referee misconduct by clear and convincing evidence.'" Id. We review the district court's refusal to vacate an ADR decision for abuse of discretion. See id.

Here, there was no abuse of discretion. The district court correctly found that the referee did not commit flagrant misconduct of the sort envisioned by Bledsoe. Rather, the referee made a reasoned determination based on the evidence of record.

We accordingly affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3